

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. O-4359
Re: Carrying a pistol under the facts and circumstances stated, etc.

Your letter requesting the opinion of this department on the questions stated therein is substantially as follows:

A certain Mr. A of _____ city, together with his wife and another couple came to Fredericksburg a certain Sunday night. They picked up in her car a Mrs. B at her home here and then picked up her husband, Mr. B, (a bus driver) at the bus station. The three couples purchased a gallon jug full of wine from a certain establishment and then went to a tavern outside of the city limits on a certain named highway. Before getting the wine and going to the tavern, it was suggested by someone in the party that Mr. A leave his automatic pistol, which he had been carrying in his car, at the home of Mr. and Mrs. B. The pistol was left at the home of Mr. and Mrs. B. From the tavern, after its closing, the three couples went across the highway to another establishment where all of the wine was consumed by the three couples in addition to some beer. There Mr. A danced with a young lady outside of the three couple party. Apparently there was some trouble between Mr. A and his wife. The three couples returned to the home of Mr. and Mrs. B, and there Mr. A ordered the pistol turned over to him, which was finally done by Mrs. B, whereupon Mr. A reinserted some seven cartridges into the pistol and it went off and struck Mr. B.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You further state in effect that we may assume for the purposes hereof that the evidence (even if not so conclusively above indicated) will nevertheless show that Mr. A had the pistol in the car when he and his wife came to the home of Mr. and Mrs. B, and that it had been carried there from a certain city outside of Gillespie County. Mr. A was in possession of a card signed by the sheriff of _____ County, Texas, showing that Mr. A was a special deputy sheriff of _____ County.

Your questions are substantially as follows:

(a) Assuming that Mr. A is actually a special deputy sheriff of _____ County, Texas, receiving no compensation as such, either official or private, was he authorized to so carry a pistol within the confines of Gillespie County?

(b) In drawing a complaint and information, is it necessary to negative the matters in Article 484, Vernon's Annotated Penal Code, and to prove such negative allegations in order to make out a case?

(c) Assuming Mr. A received no compensation as such officer but was duly appointed, and confirmed as a special deputy sheriff of _____ County, and assuming that he received no private compensation for any services as such, was he permitted to carry a pistol in Gillespie County?

(d) Under Article 484, supra, would he be classed as a special policeman who receives no compensation for his services as such officer?

(e) Assuming Mr. A had no official business whatsoever to perform on his trip from _____ city to Fredericksburg, nor while there, and it was solely one for pleasure, was he excused from the penalties of Article 483, Vernon's Annotated Penal Code, under the provision of Article 484, supra, relative to persons traveling?

Article 483, Vernon's Annotated Penal Code, provides:

Honorable Alex Jung, Page 3

> "Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

Article 484, Vernon's Annotated Penal Code, reads as follows:

> "The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy, when in the actual discharge of his duties as such, nor to any game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services."

With reference to your first question, we call your attention of Candara v. State, 252 S. W. 166, which holds that an auto driver for hire, who was commissioned as a deputy sheriff, was not authorized to carry a pistol when he was not engaged in the discharge of an official duty at the time he was found in possession of the pistol. In this case, the deputy qualified by taking the oath of office, and the commission was issued to him by the county clerk of El Paso County, and the commission was effective at the time appellant was arrested.

Honorable Elex Jung, Page 4

During the time he had held such commission appellant had made no arrest, had served no civil process, and was drawing no compensation as deputy sheriff, and was not engaged in the discharge of any official duty at the time he was found in possession of the pistol. In view of the holding in this case, we respectfully answer your first question in the negative. Provided, of course, the deputy sheriff was not engaged in the discharge of any official duty at the time he was found in possession of the pistol.

We answer your second question in the negative. An indictment in such a case is sufficient when the words of the statute are used. (Pickett v. State, 10 Cr. R. 290; Tucker v. State, 145 S. W. 611)

The cases of Powell v. State, 25 S. W. 286, Lewell v. State, 54 Tex. Cr. R. 640, Harris v. State, 186 S. W. 890, hold, among other things, that an indictment or information alleging the time and venue and that the defendant did carry on and about his person a pistol, is good.

In the case of Baker v. State, 106 S. W. (2d) 308, the Court of Criminal Appeals, speaking through Judge Lattimore, said:

"From what we have said, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to create exceptions to the general penal provisions of the statute if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense."

In connection with the foregoing, we call your attention to the cases of Fortson v. State, 138 S. W. (2d) 822, and Stovall v. State, 139 S. W. (2d) 104. However, we think these cases are distinguishable and are not applicable to the questions involved in this opinion. Therefore, we do not deem it necessary to discuss these cases further.

What was said regarding the first question quoted above is equally applicable to your third question. Therefore we answer the same in the negative.